IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:11CV167 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNKNOWN MAYO, deputy U.S. | ) | |
| Marshal, and UNKNOWN LEWIS, | ) | |
| deputy U.S. Marshal, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on May 13, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) Also pending are Plaintiff's Motion for Order (filing no. 6) and Motion for Temporary Restraining Order (filing no. 8). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  SUMMARY OF COMPLAINT

Plaintiff filed his complaint against United States Marshals Mayo and Lewis on May 13, 2011. Plaintiff's Complaint is very difficult to decipher. As best as the court can tell, Plaintiff alleges that he was "permanently banned from [the] U.S. Courthouse in Omaha." (Filing No. 1 CM/ECF at pp. 1, 3.) Plaintiff requests monetary damages in the amount of $100,000,000 and "anything else just." (*Id*. at CM/ECF p. 3.)

II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must

dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

*A. Access to Courts*

The court liberally construes Plaintiff's Complaint to allege an access to courts claim. To prove a violation of the right of meaningful access to the courts, Plaintiff must establish that Defendants did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff has not alleged sufficient facts to demonstrate that Defendants frustrated or impeded his ability to bring a nonfrivolous legal claim. Thus, Plaintiff's access to courts claim against Defendants fails to state a claim upon which relief may be granted. However, on the court's own motion, Plaintiff shall have 30 days to file an amended complaint that clearly alleges that Defendants impeded his ability to bring a nonfrivolous legal claim. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### B. *Equal Protection*

The court also liberally construes Plaintiff's Complaint to allege a Fifth Amendment equal protection claim against Defendants. "[The Supreme Court's] approach to Fifth Amendment equal protection claims has . . . been precisely the same as to equal protection claims under the Fourteenth Amendment." *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21,(1987) (quoting *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638, n.2 (1975)). To state an equal protection claim, Plaintiff must establish that he was treated differently from other similarly situated individuals. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998).

It is unclear from Plaintiff's Complaint how and why he was "banned" from the courthouse in Omaha and whether he was treated differently from similarly situated individuals. Accordingly, Plaintiff has failed to allege sufficient facts to state an equal protection claim upon which relief may be granted. However, as with his access to courts claim, Plaintiff shall have 30 days in which to amend his Complaint and properly allege that he was deprived of a right secured by the Constitution or laws of the United States. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum

and Order, Plaintiff's current Complaint (filing no. 1) will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

### IV. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has also filed a Motion for a Temporary Restraining Order. (Filing No. 8.) The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's Motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, Plaintiff shall have until **August 15, 2011,** to amend his

4

Complaint to clearly state a claim upon which relief may be granted, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's current Complaint (filing no. 1) will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **August 15, 2011**; dismiss if not filed.

4. Plaintiff's Motion for Order (filing no. 6) and Motion for a Temporary Restraining Order (filing no. 8) are denied.

DATED this 15th day of July, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.